UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
FREEPLAY MUSIC L.L.C.,                                        )
                                                              )
                              Plaintiff,                      )   09-cv-6400 (JFK)
                                                              )
              - v -                                           )
                                                              )   **ANSWER TO**
G2 MEDIA GROUP, MAGIC CIRCLE CORPORATION,                     )   **COMPLAINT**
and GEORGE MILNES II,                                         )
                                                              )
                              Defendants.                     )
------------------------------------------------------------- X

Defendant MAGIC CIRCLE CORPORATION ("Magic Circle") by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, as and for its answer to the complaint of plaintiff FREEPLAY MUSIC, L.L.C. ("Plaintiff"), in the above captioned action, allege upon information and belief as follows:

### NATURE OF ACTION

1.   Neither admit nor deny the allegations contained in paragraph "1" of the Complaint, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, denies the allegations and respectfully refers all questions of law to the Court for its consideration.

### JURISDICTION AND VENUE

2.   Neither admit nor deny the allegations contained in paragraph "2" of the Complaint, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, denies the allegations and respectfully refers all questions of law to the Court for its consideration.

3. Neither admit nor deny the allegations contained in paragraph "3" of the Complaint with regard to jurisdiction, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, states that Magic Circle does not maintain an office in New York but conducts a small amount of business in New York, and denies the remaining allegations and respectfully refers all questions of law to the Court for its consideration.

4. Neither admit nor deny the allegations contained in paragraph "4" of the Complaint, as such constitute a legal conclusion to which no response is required, except, to the extent a response is, in fact, required, states that Magic Circle does not maintain an office in New York, but denies the allegations and respectfully refers all questions of law to the Court for its consideration.

## THE PARTIES

5. Deny knowledge of information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6. Admit the allegations contained in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Admit that Magic Circle sells lawn mowers under the name "Dixie Chopper."

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations regarding George Milnes II and G2 Media contained in paragraph "13" of the Complaint and deny the remaining allegations contained in paragraph "13" of the Complaint.

**The Infringing Commercial**

14. Deny the allegations contained in paragraph "14" of the Complaint except admits that Magic Circle retained the services of G2 Media.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint except acknowledge that a copy of a registration certificate is attached.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

**The Infringing DVD**

18. Deny the allegations contained in paragraph "18" of the Complaint except Magic Circle states that G2 Media was retained to create a DVD.

19. Deny the allegations contained in paragraph "19" of the Complaint.

    a. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19a" of the Complaint.

    b. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19b" of the Complaint.

  c. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19c" of the Complaint.

  d. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19d" of the Complaint.

  e. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19e" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21. Magic Circle admits receiving a letter dated January 21, 2009 from Plaintiff but denies the characterization of the letter contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph "24" of the Complaint.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS

25. Defendants repeat and incorporate their responses to paragraphs "1" through "24" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

## AFFIRMATIVE DEFENSES

Magic Circle sets forth the following affirmative defenses to the claims made in the Complaint. In doing so, Magic Circle does not assume the burden of proof with respect to any of the affirmative defenses where the substantive law provides otherwise.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff does not own the copyright in the underlying works upon which were based those claims asserted by it against Magic Circle in this civil action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Sound Recordings as defined in the Complaint lack sufficient authorship and/or creativity to support the copyrights, and any copyright registrations, asserted by it against Magic Circle.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that any distribution or sale by Magic Circle violated or infringed upon any copyright owned by Plaintiff, such violation or infringement was innocent and without knowledge of the rights allegedly owned by Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a sufficient copyright infringement claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the acts alleged to have been committed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff holds a valid copyright, said copyright is not infringed.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct and/or bad

faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff, were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff and/or other third parties, thus barring or limiting Plaintiff's right of recovery against Magic Circle.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by laches.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by waiver.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's have failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because Magic Circle has conducted itself at all times in good faith, with a reasonable belief that its actions did not constitute a violation or infringement of any other person or entity's rights.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the copyright registration filed by Plaintiff should not have been granted.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by fair use.

To the extent Magic Circle may have other separate and/or additional defenses of which it is not aware, Magic Circle reserves the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Magic Circle respectfully requests that the Complaint asserted against Magic Circle be dismissed in its entirety and all relief requested therein be denied, and that the Court award Magic Circle such further relief as the Court deems just and proper.

## JURY DEMAND

Magic Circle demands a trial by jury of all causes of action as to which the law entitles them to a trial by jury.

Dated: New York, New York
September 8, 2009

Respectfully submitted,

Jura C. Zibas (JZ 8970)
Joanne Romero (JR 0275)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
199 Water Street, 25th Floor
New York, New York 10038
Tel.: (212) 232-1300
Fax.: (212) 232-1399
zibas@lbbslaw.com
romero@lbbslaw.com

*Attorneys for Magic CircleCorporation*

TO:
Law Offices of Christopher Serbagi
Christopher Serbagi, Esq.
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 593-2112
(212) 308-8582 fax
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, a true copy of the within Defendant's Answer to Complaint, was served pursuant to the Federal Rules of Civil Procedure, and/or the District of New York Local Rules and/or prior stipulation of counsel by sending same via first class mail service offered by the U.S. Postal Service, in a postage paid envelope, addressed to Law Offices of Christopher Serbagi, 488 Madison Avenue – Suite 1120, New York, New York 10022, Attorneys for Plaintiff.

Dated: September 8, 2009

_____
Jura C. Zibas

4831-8064-5636.1