UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FREEPLAY MUSIC L.L.C.,

                Plaintiff,                        Index No.  09 Civ. 6400 (JFK)

       - against -

G2 MEDIA GROUP, MAGIC CIRCLE CORPORATION,
and GEORGE MILNES II,

                Defendants.
------------------------------------------------------------------x

# PLAINTIFF FREEPLAY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A DEFAULT JUDGMENT

LAW OFFICES OF CHRISTOPHER SERBAGI
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorneys for the Plainiffs

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................(ii)

PRELIMINARY STATEMENT............................................................1

STATEMENT OF FACTS...................................................................2

ARGUMENT......................................................................................2

I. THE COURT SHOULD FIND THAT G2 MEDIA GROUP DEFAULTED ON COUNT I BECAUSE IT FAILED TO OBTAIN LEGAL COUNSEL TO REPRESENT IT, EVEN AFTER THE COURT PROVIDED IT AN ADDITIONAL THIRTY DAYS TO DO SO............................................................................................2

   A. The Complaint Sets Forth Well Pleaded Allegations That Set Forth A Cause Of Action for Copyright Infringement.................................................2

   B. The Court Should Enter a Default Judgment Because Defendant G2 Has Repeatedly Failed to Appear and Answer Despite the Court's Order that it Do So.........................................................................3

II. BECAUSE FREEPLAY IS ASSERTING JOINT AND SEVERAL LIABILITY AS TO ALL DEFENDANTS, THE COURT SHOULD REFRAIN FROM CONDUCTING THE G2 DAMAGES INQUEST NOW AND CONSOLIDATE IT WITH THE DAMAGES ASPECT OF THE TRIAL AGAINST THE NON-DEFAULTING DEFENDANTS......4

CONCLUSION...................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                                    Page(s)

Bambu Sales, Inc. v. Ozac Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)..........................2

Brown v. Beyer, No. 97 Civ. 0142 (PKL), 1999 U.S. Dist. LEXIS 13596, * 10- *11
(S.D.N.Y. Aug. 31, 1999)..............................................................................................2

Dow Chemical Pacific, Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 334-36 (2d Cir. 1986)...3

Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991).......................4

Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)...........................................2

Fitzgerald Publ. Co. v. Baylor Publ. Co., 807 F.2d 1110, 1116-17 (2d Cir. 1986).................5

Friedman v. Lawrence, No. 90 Civ. 5584, 1991 U.S. Dist. LEXIS 13959 (S.D.N.Y. Oct. 2, 1991)..........................................................................................................................5

Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180 (2d Cir. 2006).......................3

Lawrence v. Vaman Trading Co., Inc., No. 92 Civ. 0377 (DNE), 1993 U.S. Dist LEXIS 7161, *4-*6 (S.D.N.Y. 1993).....................................................................................................5

Montcalm Publ. Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992)............................5

On Davis v. The Gap, Inc., 246 F.3d 152, 158 (2d Cir. Cir. 2001).....................................2

Rowland v. California Men's Colony, 506 U.S. 194 (1993)...............................................3

Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967)........4

Sygma Photo News, Inc. v. High Society Magazine, Inc., 778 F.2d 89, 92, 92, Cir. 1985).......4

**Statutes**

Fed. R. Civ. P. 55............................................................................................................2

**Treatises**

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright................................2,5

Plaintiff Freeplay Music LLC ("Freeplay") respectfully submits this memorandum of law in support of its motion for a default judgment against defendant G2 Media Group ("G2") on Count 1 of the Complaint, and for such other relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

A corporation cannot appear in an action without being represented by legal counsel. G2 was required to answer the Complaint on or about August 9, 2009. It failed to do so. At a pre-trial conference on October 21, 2009, the Court Ordered that G2 obtain counsel and answer within thirty days or it would be in default. G2 failed to comply. G2 and its principal and co-defendant, Mr. Milnes, did not appear at the November 23, 2009 pre-trial conference and they did not obtain counsel for G2 as the Court Ordered. Based on the foregoing, the Court invited Freeplay to move for a default judgment against G2. The Court was correct to do so because the cases consistently hold that a default judgment is proper when a corporation does not comply with a court order to obtain counsel within a specified time.

While the Court should grant this default judgment against G2 as to liability, the cases consistently hold that, where there is joint and several liability, as there is here, the better practice is to delay the inquest hearing until the court holds a hearing on damages as to the non-defaulting party. The Court should follow this well-recognized practice so as to avoid the possibility of inconsistent judgments.

## STATEMENT OF FACTS

Freeplay respectfully refers the Court to the Declaration of Christopher Serbagi ("Serbagi Decl..") for the facts pertinent to this motion.

## ARGUMENT

### I. THE COURT SHOULD FIND THAT G2 MEDIA GROUP DEFAULTED ON COUNT I BECAUSE IT FAILED TO OBTAIN LEGAL COUNSEL TO REPRESENT IT, EVEN AFTER THE COURT PROVIDED IT AN ADDITIONAL THIRTY DAYS TO DO SO

Rule 55 of the Federal Rules of Civil Procedure provides a two-step procedure for entry of a default judgment. First, under Rule 55(a), a clerk must enter the default against a party who fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, under Rule 55(b) the plaintiff must move the court for a default judgment. Fed. R. Civ. P. 55(b). Freeplay's motion for a default judgment is appropriately before the court because the Clerk of the Court entered a default judgment against Defendant G2. Serbagi Decl. ¶ 12, Ex. E. When a court considers whether to grant a default judgment, it should consider the well-pleaded allegations of the complaint as true. Bambu Sales, Inc. v. Ozac Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995); Brown v. Beyer, No. 97 Civ. 0142 (PKL), 1999 U.S. Dist. LEXIS 13596, *10- *11 (S.D.N.Y. Aug. 31, 1999).

#### A. The Complaint Sets Forth Well Pleaded Allegations That Set Forth A Cause of Action for Copyright Infringement

To set forth a *prima facie* case of copyright infringement, a plaintiff must allege (1) ownership of a valid Copyright and (ii) copying of the constituent elements of the work that are original. Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); On Davis v. The Gap, Inc., 246 F.3d 152, 158 (2d Cir. Cir. 2001); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01, at 13-6.

Freeplay sets forth a cause of action for copyright infringement because it alleges in the Complaint that G2, which is a media production company, unlawfully used Freeplay's copyrighted music at least 128 different times for at least one commercial and four additional

copyrighted Freeplay songs on a DVD, of which it distributed, by its own admission, between 1,500 and 1,800 copies. Defendant Magic Circle purchased and benefited from these infringing commercials, which were played on national broadcasting stations on its behalf. Serbagi Decl., ¶ 4, Ex. A at ¶ 14-34. Freeplay attaches to its Complaint the five federal copyright registrations at issue, thereby satisfying both elements of a *prima facie* case for copyright infringement. Id.

B. **The Court Should Enter a Default Judgment Because Defendant G2 Has Repeatedly Failed to Appear and Answer Despite the Court's Order that it Do So**

It is well settled that a corporation may appear in the federal courts only through licensed legal counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.E.d. 2d 656 (1993); Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180 (2d Cir. 2006), cert. denied, 549 U.S. 1114 (2007). Failure of a corporation to secure counsel will subject it to a default judgment. Dow Chemical Pacific, Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 334-36 (2d Cir. 1986). The court in Dow Chemical determined that where a defendant corporation fails to comply with a court order to secure counsel, entry of a default judgment against that party is appropriate. 782 F.2d at 336.

Freeplay commenced this action on July 17, 2009 by filing the Summons and Complaint. Serbagi Decl., ¶ 4, Ex A. Freeplay served G2 (and its co-Defendants) on July 18, 2009 by mail to its agent for service of process registered with the Ohio Secretary of State. Id. at ¶ 5, Ex. B. On or about October 13, 2009, Defendant George Milnes II, who is not an attorney, filed a purported Answer and motion to dismiss on behalf of himself and Defendant G2. Id. at ¶ 7, Ex. C.

The Court held a pre-trial conference on October 21, 2009. Id. at ¶ 8. On that day the Court informed Mr. Milnes (a principal of G2), that he could not appear for the corporation and

3

that G2 would have to obtain legal counsel within thirty days. Id. The Court ordered that it would hold the next pre-trial conference on November 23, 2009. Id. at ¶ 9. Neither G2 nor Mr. Milnes appeared at that hearing and the Court granted permission to Freeplay to move for a default by Order to Show Cause. Id. By letter to Mr. Milnes dated November 30, 2009, the Court stated that because G2 had not yet appeared "Freeplay Music can now move for a default judgment against the Corporation." Id. at ¶ 10, Ex. D. Despite the Court's repeated admonitions, G2 has still not obtained counsel and neither Mr. Milnes nor G2 has responded to the Court's November 30, 2009 letter. Id. at ¶ 11.

The Court should award a default judgment against Defendant G2 because it has still failed to retain counsel, despite the Court's Order that failure to do so in thirty days would result in a default judgment entered against it. Id.; see also Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (upholding default judgment against partnership for failure to comply with court's order to retain counsel); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (holding that default judgment should be entered where corporate defendant failed to comply with the court's order to obtain counsel).

## II. BECAUSE FREEPLAY IS ASSERTING JOINT AND SEVERAL LIABILITY AS TO ALL DEFENDANTS, THE COURT SHOULD REFRAIN FROM CONDUCTING THE G2 DAMAGES INQUEST NOW AND CONSOLIDATE IT WITH THE DAMAGES ASPECT OF THE TRIAL AGAINST THE NON-DEFAULTING DEFENDANTS

Freeplay elects to rely on an award of statutory damages as set forth in 17 U.S.C. § 504(c)(1) of the Copyright Act. Under that section, a copyright holder is entitled to a sum of not less than $750 and not more than $30,000 Id. Where the Court finds willful infringement, it may increase the amount to $150,000. 17 U.S.C. § 504(c)(2). As stated in Sygma Photo News, Inc. v. High Society Magazine, Inc., 778 F.2d 89, 92, 92, Cir. 1985), "all persons and

4

corporations who participate in, exercise control over, or benefit from [an] infringement are jointly and severally liable as copyright infringers." Where joint and several liability is established, plaintiff may elect statutory damages, which, under Section 504(c)(1) must be awarded against defendants jointly and severally. See Fitzgerald Publ. Co. v. Baylor Publ. Co., 807 F.2d 1110, 1116-17 (2d Cir. 1986); 3 Nimmer on Copyrights § 14.04[E][2][d], at 14-17. The facts Freeplay allege in its Complaint assert a claim of liability that is joint and several in nature. Serbagi Decl., ¶¶ 14-26. Accordingly, the Court should award statutory damages against all Defendants at the appropriate time because they all jointly participated in the infringing acts identified in the Complaint.

Courts have consistently held that when a defaulting defendant is liable jointly and severally with a non-defaulting defendant, the court should not hold an inquest prior to trial as to the non-defaulting defendant. See Lawrence v. Vaman Trading Co., Inc., No. 92 Civ. 0377 (DNE), 1993 U.S. Dist LEXIS 7161, *4-*6 (S.D.N.Y. 1993); Montcalm Publ. Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992); Friedman v. Lawrence, No. 90 Civ. 5584, 1991 U.S. Dist, LEXIS 13959 (S.D.N.Y. Oct. 2, 1991). As stated by the Magistrate Judge Dolinger in the Friedman case:

> However, in such a case where some but not all of the defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

Id.

Thus, because the defaulting defendant G2 is liable jointly and severally with the non-defaulting Defendants, the court should not hold an inquest against G2 prior to trial. See Lawrence v. Vaman Trading Co., Inc., No. 92 Civ. 0377 (DNE), 1993 U.S. Dist LEXIS 7161,

5

*4-*6 (S.D.N.Y. 1993). See Hunt v. Inter-Globe Energy, 770 F.2d 145, 147-48 (10th Cir. 1985); Dundee Cement Co. v. Howard Pipe & Concrete Prod., 722 F.2d 1319, 1324 (7th Cir. 1983).

## CONCLUSION

For all the foregoing reasons, Freeplay respectfully requests that the Court hold that G2 has defaulted on Count I of the Complaint but delay the damages inquest until after trial.

Dated: New York, New York
December 29, 2009

Respectfully Submitted,

By: *[signature]*
Christopher Serbagi, Esq.

Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorneys for Plaintiff Freeplay Music LLC